**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
JOSEPH GLICK on behalf of himself
and all other similarly situated

                              Plaintiff,

-against-

ALLIED INTERSTATE, INC.

                              Defendant.
-----------------------------------------------------------

CV-11 4087

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 23 2011 ★

LONG ISLAND OFFICE

WEINSTEIN J
AZRACK, M.

**CLASS ACTION COMPLAINT**

*Introduction*

1. Plaintiff seeks redress for the illegal practices of Allied Interstate, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

*Parties*

2. Plaintiff is a citizen of the State of New York and resides in this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt purportedly owed to Equable Ascent Financial, LLC.

4. Upon information and belief, Allied Interstate, Inc. is an Ohio corporation which maintains an office for collection of debts in Columbus, Ohio.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

1

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Joseph Glick*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. On or about February 11, 2011 defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter states in pertinent part as follows: "We urge you to make this payment promptly. If you fail to do so, we will have no choice but to continue taking further actions to ensure our client is paid."

12. Said language leads the "least sophisticated consumer" to believe that legal action will be taken to ensure payment of the debt.

13. Upon information and belief, at the time of the sending of the February 11, 2011 letter, the defendant had no authorization from the underlying creditor to continue taking further actions to ensure that the underlying creditor is paid.

14. Defendant's letter is in violation of 15 U.S.C. §§ 1692e(5) and 1692e(10) for engaging in deceptive and falsely threatening practices.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

15. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-14 as if set forth fully in this Cause of Action.

16. This cause of action is brought on behalf of plaintiff and the members of a class.

17. The Class consists of consumers who received the same form letter, as did the plaintiff.

18. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about February 11, 2011 sent within one year prior to the date of the within complaint concerning Equable Ascent Financial, LLC. (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered (d) and that the letter contained violations of 15 U.S.C. §§ 1692e(5) and 1692e(10).

19. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

20. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

21. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

22. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

23. The defendant's use of the language violates the Fair Debt Collection Practices Act.

24. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
August 18, 2011

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)



866-383-5073

| | | | |
|---|---|---|---|
| **BUFFALO** | **COLUMBUS** | **LOS ANGELES** | **PHOENIX** |
| **CAMBRIDGE** | **DELHI** | **MANILA** | **TORONTO** |
| **CLARK** | **HOUSTON** | **MINNEAPOLIS** | **WEST PALM BEACH** |

February 11, 2011

Joseph Glick
4403 15Th Ave Apt 464
Brooklyn, NY 11219-1604

    Re:    Equable Ascent Financial, LLC Account No. 004485294
           Amount Owed $6,635.49

Joseph Glick:

We are a debt collection company and our client, Equable Ascent Financial, LLC, has retained us to collect the debt noted above.

Our client has authorized us to accept payment in the amount of $3,317.75 in settlement of this debt. You can take advantage of this settlement offer only if we receive your payment, or you make mutually acceptable payment arrangements, within 30 days from the date of this letter. After that time, we reserve the right to modify the settlement offer or revoke it in its entirety.

To make a payment, please telephone us at 866-383-5073 or mail your payment to us using the coupon on the reverse side of this letter. We process checks electronically, and your checking account will be debited on the day we receive your payment. Your check will not be returned.

We urge you to make this payment promptly. If you fail to do so, we will have no choice but to continue taking further actions to ensure our client is paid.

Sincerely,

*Allied Interstate LLC*

**SEE REVERSE SIDE FOR OTHER IMPORTANT INFORMATION**

3000 Corporate Exchange Drive, Columbus, OH
(Do not send payments or correspondence to this address)

This is not an exclusive list of your rights. These are disclosures required by certain jurisdictions.

Federal and state laws prohibit certain methods of debt collection, and require that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.

If you have a complaint about the way we are collecting this debt, please write to us at P.O.Box 1954, Southgate, MI 48195-0954, email us at advocacygroup@allied-interstate.com, or call us toll-free at 800-811-4214 between 9:00 A.M. Central Time and 5:00 P.M. Central Time Monday – Friday.

The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 877-FTC-HELP; or by mail at 600 Pennsylvania Ave., NW, Washington, DC 20580.

New York City Department of Consumer Affairs license numbers: 1140302, 1173635, 1140115, 1140113, 1140304, 1140551, 1140555, 0933734, 1168335, 1140606, 1140607, 1140608, 1248312, 1248315.

Send all payments and correspondence to Allied Interstate LLC,
P.O. Box 6123, Carol Stream, IL 60197-6123

(Detach and return with payment)

P.O.Box 1954
Southgate, MI 48195-0954

5510110188134



0050925/0000001

Joseph Glick
4403 15Th Ave Apt 464
Brooklyn, NY 11219-1604

Allied Interstate LLC
P.O. Box 6123
Carol Stream, IL 60197-6123