**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

October 19, 2011

**VIA ECF**
The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:    **Glick v. Allied**
          **11 CV 4087 (BMC)**

Dear Judge Cogan:

Plaintiff's Position

I represent the plaintiff in the above referenced matter. This matter contains one cause of action filed pursuant to the Fair Debt Collection Practices Act as a putative class action suit. Plaintiff asserts that the language of which plaintiff complains: "We urge you to make this payment promptly. If you fail to do so, we will have no choice but to continue taking further actions to ensure our client is paid" is a threat of litigation which we contend is false. We believe that the Court's docket entry decision attached hereto with the underlying complaint in *Zugay v. Professional* would survive a motion to dismiss as well as other decisions with the Second Circuit.

Defendant's Position

      We represent the defendant Allied Interstate, Inc. ("Allied") in the above-referenced matter. It is Allied's position that there is no merit to plaintiff's claims because the letter at issue simply suggests further collection efforts and does not threaten legal action or action that Allied is not authorized to take. Allied is not a law firm, it does not hold itself out as a law firm, and nothing in its letter or letterhead suggests or threatens litigation.

      The FDCPA uses the word "actions" in a general sense and not just to refer to "legal actions." For example, 15 U.S.C. § 1692e(5) forbids "the threat to take any action that cannot legally be taken or that is not intended to be taken." This section is not limited to threats of lawsuits; rather, it uses the word "action" in a broad, general sense. Similarly, Allied's letter used the word in such a manner.

When Congress meant the word "action" in the FDCPA to refer exclusively to a lawsuit it made that intention clear. *See, e.g.,* 15 U.S.C. § 1692e(11), referring to a "legal action." As the Court is well aware, every word omitted from a statute should be presumed to have been omitted for a reason. Thus, the FDCPA deals with both "actions," *i.e.,* activities that can be undertaken by debt collectors and "legal actions," *i.e.,* lawsuits. Plaintiff's strained analysis would undermine that clear legislative distinction.

There are (and were) many actions available to Allied. "Debt collectors have several alternative channels of communication available to them, including live conversation via telephone, in person communication, and postal mail." *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345 (S.D. Fla. 2008)

Although a collection letter may violate the FDCPA when it explicitly threatens legal action, a letter that simply suggests available alternatives, including possibly commencing a legal action does not violate the FDCPA. *Ellis v. Cohen & Slamowitz*, 701 F. Supp. 2d 215 (N.D.N.Y. 2010).

For example, in *Quamina v. Retrieval Masters Creditors Bureau, Inc.*, 2011 U.S. Dist. LEXIS 29354 (E.D.N.Y. 2011), the plaintiff alleged that the collection letter sent by the defendant violated Section 1692(e)(5) and (10) of the FDCPA because it implied that legal action would be commenced if payment was not made immediately, and suggested that a lawsuit would be filed.

The collection letter in *Quamina* provided the following:

> You have apparently chosen to ignore all of our requests for payment. However, be advised that our client has authorized us to continue our collection efforts until you have honored this outstanding obligation.

The Court held that the letter did not violate the FDCPA because it simply suggested further collection efforts. Specifically, the Court held that there were many possible avenues that the defendant could consider in collecting the debt such as sending additional letters and attempting to collect the debt via telephone. *Id. See also, Peter v. GC Services, L.P.*, 310 F.3d 344 (5th Cir. 2002) (finding that "[i]f payment is not made, collection efforts...will continue on this account," did not threaten legal action).

Similar to *Quamina*, the letter at issue in this lawsuit provides that Allied will "continue taking further actions," and simply suggests further collection actions. The letter does not threaten legal action or action that Allied is not authorized to take. Accordingly, it is Allied's position that there is no merit to plaintiff's claims, and Allied intends on moving to dismiss the complaint.

Thank you for the Court's consideration of the foregoing.

Yours faithfully,

/s/
Adam J. Fishbein

*S/ Christopher B. Hitchcock /*

Christopher B. Hitchcock (7689)