

Adam J. Fishbein <fishbeinadamj@gmail.com>

# Activity in Case 1:10-cv-01944-BMC Zugay v. Professional Recovery Consultants, Inc. Order on Motion for Pre Motion Conference

1 message

---

ecf_bounces@nyed.uscourts.gov <ecf_bounces@nyed.uscourts.gov>  Fri, Jun 18, 2010 at 4:24 PM
To: nobody@nyed.uscourts.gov

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Eastern District of New York**

**Notice of Electronic Filing**

The following transaction was entered on 6/18/2010 at 4.24 PM EDT and filed on 6/18/2010
Case Name:      Zugay v. Professional Recovery Consultants, Inc.
Case Number:    1:10-cv-01944-BMC
Filer:
Document Number: No document attached

**Docket Text:**
Minute Entry for Initial Status Conference held before Judge Brian M. Cogan on 6/17/2010. Counsel for both sides present. The Court denied [7] defendant's letter motion to dismiss on the grounds that it is premature without discovery; the motion is denied without prejudice subject to renewal on summary judgment. The Court So Ordered the parties' Civil Case Management Plan, which will be docketed separately. All non-expert discovery is to be completed by 9/15/2010. (Weisberg, Peggy)


**1:10-cv-01944-BMC Notice has been electronically mailed to:**

Adam Jon Fishbein  fishbeinadamj@gmail.com, rikifish@gmail.com

Barry Jacobs  bjacobs@agflaw.com

**1:10-cv-01944-BMC Notice will not be electronically mailed to:**

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV-10 1944

-------------------------------------------------------
DRAGANA ZUGAY on behalf of himself and all
others similarly situated,

                   Plaintiff,

     -against-

PROFESSIONAL RECOVERY CONSULTANTS, INC.

                  Defendant.
-------------------------------------------------------

APR 2_ 2010

COGAN, J.

REYES, JR, M.

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff Dragana Zugay seeks redress for the illegal practices of Professional Recovery Consultants, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq*. ("FDCPA").

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to Chase Bank USA, N.A.

4. Upon information and belief, defendant is an North Carolina corporation with its principal place of business located in Durham, North Carolina.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

1

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Dragana Zugay*

9. Upon information and belief, on a date better known by defendant, defendant began to attempt to collect an alleged consumer debt from the plaintiff.

10. Upon information and belief, on or about April 6, 2010 the defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter states in part: "It is not our desire or that of our client to cause you any undue problems. However, we intend to institute collection procedures on this claim after thirty (30) days of receipt of this letter."

12. Said language threatens that stronger steps will be taken to accomplish and bring about collection.

13. Said language implies that stronger steps would be taken.

16. Said language implies that stronger collection action will be undertaken unless the debt is paid in full.

17. Upon information and belief, at the time of the sending of the April 6, 2010 letter,

2

defendant did not have the authorization to cause the debt to not go away.

18. The said actions of the defendant are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5) and 1692e(10) for engaging in falsely threatening and deceptive practices.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

19. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-18 as if set forth fully in this cause of action.

20. This cause of action is brought on behalf of plaintiff and the members of a class.

21. The Class consists of consumers who received the same form letter, as did the plaintiff.

22. The Class consists of all persons whom Defendant's records reflect resided in the New York City and who were sent a collection letter concerning Chase Bank USA, N.A (a) bearing the defendant's letterhead sent to the plaintiff on or about April 6, 2010 (b) the collection letter was sent to a consumer seeking payment of an alleged debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. §§ 1692e(5) and 1692e(10) by engaging in deceptive and unfair practices.

23. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members

3

is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

24. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

25. If the facts are discovered to be appropriate, the plaintiff will seek to certify a

class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

26. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

27. The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

28. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
April 27, 2010

_____
Adam J. Fishbein (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

5